IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH A. ROMERO, | ) | |
|     Petitioner, | ) | Civil Action No. 11-246 Erie |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice for lack of subject matter jurisdiction.

**II.    REPORT**

**A.    Relevant Background**

On November 25, 2003, the U.S. District Court for the Northern District of Indiana sentenced Romero to a total term of 420 months' imprisonment, to be followed by a five-year term of supervised release, for the following offenses: Conspiracy to Distribute Marijuana, to Distribute Cocaine and Methamphetamine, and Aiding and Abetting, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 1); Possession with Intent to Distribute Cocaine and Aiding and Abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts 3 and 4); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841 (Counts 5 and 6); Possession with Intent to Distribute Methamphetamine, and Aiding and Abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts 7, 9 and 10); and Possession with Intent to Distribute Cocaine and Aiding and Abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count 8).

1

In his direct appeal, Romero challenged only his sentence. The U.S. Court of Appeals for the Seventh Circuit initially remanded the case to the sentencing court. It explained:

> A jury convicted Romero of nine drug-related charges, some substantive and some based on a conspiracy that ran between 1997 and 2002. Sentencing is the only issue on appeal. The district court enhanced Romero's sentence based on conclusions about relevant conduct (that is, the quantity of drugs within the scope of the agreement, see U.S.S.G. § 1B1.3), on a finding that Romero obstructed justice by committing perjury at trial (see U.S.S.G. § 3C1.1), and on a finding that Romero possessed a firearm in connection with his criminal conduct (see U.S.S.G. § 2D1.1(b)(1)). With respect to the first two of these three subjects, Romero's only contention on appeal rests on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). With respect to the third, Romero contends that the Guidelines themselves offer relief, and we start with that contention.
>
> Romero concedes that he bought a gun in 2000. He contends that he carried it only to protect himself from Charles Ransom, who frequented his auto-and-truck-customization shop. The prosecutor contended, however, and the jury must have concluded, that Ransom purchased drugs from Romero and occasionally sold some in return. To possess a gun when dealing with Ransom therefore was to possess it during the course of the conspiracy and the commission of relevant conduct. Romero observes that none of the evidence about particular sales mentions a weapon, but under the Guidelines it is enough to possess the firearm in connection with the conspiracy or any of its relevant conduct. See United States v. Mumford, 25 F.3d 461, 468-69 (7th Cir. 1994). Romero relies on United States v. Rodriguez-Nuez, 919 F.2d 461 (7th Cir.1990), and United States v. Edwards, 940 F.2d 1061 (7th Cir.1991), but as we observed in Mumford those decisions interpreted an earlier version of the Guidelines and did not survive Amendment 394 in November 1991. The two-level enhancement under § 2D1.1(b)(1) therefore was appropriate.
>
> Although the sentence is proper under the Guidelines, the district judge acted without recognizing the additional latitude afforded by the remedial holding of Booker. Accordingly, we remand for the limited purpose of making the finding contemplated by United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). After the district court has made that finding, we will conclude this appeal.

United States v. Romero, 131 F.App'x 491, 492 (7th Cir. 2005).

On remand, the sentencing court decided that it would not have imposed a lower sentence if it had known that the Sentencing Guidelines were advisory. In its subsequent order, the Seventh Circuit Court affirmed:

2

> On limited remand under United States v. Paladino, 401 F.3d 471, 481-85 (7th Cir. 2005), the district judge concluded that he would not have imposed a lower sentence had he known that the Guidelines are advisory.
>
> In response to our invitation, the parties have filed memoranda. Romero does not contend that the sentence he received – 420 months' imprisonment for distributing more than 50 tons of marijuana – is "unreasonable," the post-Booker standard of appellate review. Instead he contends that application to him of Justice Breyer's opinion for the remedial majority in Booker would violate *ex post facto* principles applied through the due process clause. That position was considered and rejected in United States v. Jamison, No. 05-1045 (7th Cir. July 20, 2005). Accordingly, the judgment of the district court is affirmed.

United States v. Romero, No. 03-4211, 2005 WL 1992533, at *1 (7th Cir. Aug. 18, 2005).

On December 18, 2006, Romero filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255 in which he argued that his counsel was ineffective by failing to call the witnesses that supported his defense; that his counsel was ineffective on direct appeal for failing to challenge the sufficiency of the evidence; that counsel failed to argue that a limited remand would prejudice him; and, that the prosecutor's witnesses committed perjury. The sentencing court denied the motion in an Opinion and Order dated May 2, 2008. [ECF No. 9-4 at 1-16, Resp's Ex. 4, Romero v. United States, No. 3:06-cv-821, slip op. (N.D. Ind. May 2, 2008)].

On April 24, 2009, Romero filed a second § 2255 motion. In an Opinion and Order dated April 28, 2009, the sentencing court denied the motion, explaining:

> Mr. Romero already filed a petition pursuant to § 2255, which this court denied[.]…
> Apparently recognizing that he cannot file a successive petition without first moving "in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244, Mr. Romero seeks relief under 28 U.S.C. § 2255(e). Section 2255(e), the so-called "savings clause," allows a prisoner to use § 2241 if a § 2255 motion would be inadequate of ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). A motion under § 2255 is inadequate, for example, when its limit on second or successive petitions "prevent[s] a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (citing Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002)).

3

> To avail himself of the savings clause in § 2255, one "must first show that the legal theory he advances relies on a change in the law that … postdates his first § 2255 motion." Kramer v. Olson, 347 F.3d at 217 (citing In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). Section 2255 is "'inadequate or ineffective' only when a structural problem in a § 2255 forecloses even one round of effective collateral reviews." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002) (citations omitted).
>
> Mr. Romero doesn't rely on a change in the law to support his motion and there is no showing that § 2255 was an inadequate or ineffective means by which to address his claims. His motion therefore must be denied as a successive § 2255 petition not properly before this court.

[ECF No. 9-6 at 2-3, Resp's Ex. 6, United States v. Romero, No. 3:09-cv-189, slip op. at 1-2 (N.D. Ind. April 28, 2009)].

On June 20, 2011, Romero filed a Nunc Pro Tunc Motion for Resentencing. On August 8, 2011, he filed a Motion for a Petition for Writ of Habeas Corpus "ad Documentary Evidence," which challenged the evidence upon which the court relied to sentence him. The sentencing court denied both motions. [ECF No. 9-1 at 9, Resp's Ex. 1].

Romero next commenced proceedings in this Court by filing a petition pursuant to 28 U.S.C. § 2241. [ECF No. 4]. He claims:

> The jury verdict returned results in a complete miscarriage of justice due to there not being proof beyond a reasonable doubt of the underlying substantive offenses supported with hard evidence, I am actually and factually innocent of the allegations in the indictment and in custody in violation of the constitution and laws of the United States.

[Id. at 4]. He also argues that he "was not found in possession and was not found around any of the substance[s] which the jury found me guilty of." [Id. at 5]. In the alternative, he challenges the enhancements to his sentence, and argues that he has already served the sentence that the jury verdict would support. [Id. at 5-6]. In his brief, he also contends that the Seventh Circuit Court's "limited remand in light of Paladino, has resulted in a miscarriage of justice as his sentence was not corrected as

4

his Fifth and Sixth Amendments Rights remain to be violated contrary to the decision by the Supreme Court in Booker[.]" [ECF No. 12 at 2].

Respondent has filed an Answer in which he asserts that the petition should be dismissed for lack of subject matter jurisdiction. [ECF No. 9]. Romero has filed a Reply [ECF No. 11] and an additional memorandum in support of his request for habeas relief [ECF No. 12].

**B.      Discussion**

**1.      Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255. That statute permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is calculating his sentence.

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Romero is challenging the validity of his judgment of sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

As discussed in the sentencing court's Opinion and Order dated April 28, 2009, in which it denied Romero's second § 2255 motion, "[o]n rare occasions it is possible for federal prisoners to attack their convictions and sentence pursuant to § 2241, as opposed to § 2255." B. Means FEDERAL HABEAS MANUAL § 1:29 (June 2012). Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The U.S. Court of Appeals for the Third Circuit and other courts of appeals have found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. "A section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam)." David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir.

6

2009) (per curiam). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the [court of appeals] denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime *later deemed to be non-criminal by an intervening change in law*." Id. at 856.

In the Third Circuit, the seminal case on the application of § 2255's savings clause is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. Subsequent to him exhausting his appeals and litigating a § 2255 motion, the Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995), construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil filed an application in the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied him leave to do so, noting that he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). However, the court concluded that he had established the inadequacy of § 2255 so as to bring his § 2241 petition:

> Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law

7

"presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

"Put another way," under the narrow holding of Dorsainvil, "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed *such that the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of

8

§ 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Romero does not articulate any persuasive reason to support a contention that this case falls within § 2255's "savings clause" or "safety valve." He challenged his judgment of sentence with the district court that sentenced him. That it did not provide him with the relief he sought does not establish that § 2255 provided him with an inadequate or ineffective remedy. This Court, sitting in habeas, is not merely another avenue for him to seek relief from his judgment of sentence. It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

In conclusion, this case does not present the rare situation rendering § 2255 inadequate or ineffective. Accordingly, this Court does not have jurisdiction and the instant action and his petition must be dismissed.

**C.** **Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

September 18, 2012  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Sean J. McLaughlin
United States District Judge