IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH A. ROMERO, | ) | |
|     Petitioner, | ) | Civil Action No. 11-246 Erie |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

**MEMORANDUM ORDER**

**SEAN J. McLAUGHLIN, Chief District Judge.**

Before the Court is Petitioner's "Motion for Reconsideration of Writ of Habeas Corpus 2241." [ECF No. 16]. For the reasons that follow, the motion is denied.

**I.**

Petitioner is a federal prisoner who is confined at the Federal Correctional Institution ("FCI") in Florence, Colorado. In 2011, he was imprisoned at FCI McKean, which is located within the territorial boundaries of this Court. That year, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenged the validity of the judgment of sentence imposed upon him by the U.S. District Court for the Northern District of Indiana on his convictions of numerous drug-related charges. The case was referred to U.S. Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges.

A federal prisoner seeking to challenge the validity of his conviction in a habeas action must proceed under 28 U.S.C. § 2255, and must file his case in the district court that tried and sentenced him. See, e.g., Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). McGee v.

1

Martinez, 627 F.3d 933, 935 (3d Cir. 2010). On rare occasions it is possible for a federal prisoner to attack his judgment of sentence under 28 U.S.C. § 2241 in a habeas action filed in the district court in the district of his confinement, but only if the prisoner establishes that the § 2255 remedy is "inadequate or ineffective."[1] 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). See also Brian R. Means, FEDERAL HABEAS MANUAL § 1:29 (May 2013). Petitioner did not articulate any persuasive reason to support a finding that § 2255's remedy was "inadequate or ineffective." Accordingly, the Magistrate Judge, in a Report and Recommendation ("R&R") issued on September 18, 2012, recommended that the petition be dismissed with prejudice for lack of jurisdiction. [ECF No. 14].

The R&R was sent to Petitioner at his address of record and he was advised that he had until October 5, 2012, to file Objections. He did not file any. On October 10, 2012, this Court issued a Memorandum Order in which we adopted the R&R as the opinion of the Court and closed the case. [ECF No. 15]. Petitioner did not file an appeal.

More than eight months later, in July 2013, Petitioner filed the pending motion in which he asks us to reconsider our final judgment. He claims, as he did in his petition, that he is actually innocent of his enhanced sentence.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Specifically, it provides that a court may, in its discretion, provide relief from a final judgment for the following reasons: (1) mistake,

---

[1] Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added).

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[2] None of the criteria set forth in Rule 60(b) are presented here.

What Petitioner actually is attempting to do is relitigate the issues he raised in his petition. A motion under Rule 60, however, may not be used as a "second bite at the apple." A movant who fails in the first attempt to persuade a court to adopt his position may not use a subsequent motion for reconsideration in order to rehash arguments already made and rejected, or to raise new arguments that he previously failed to raise before the court when the case was being decided. See, e.g., Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) ("motions for reconsideration should be granted sparingly; and the parties are not free to relitigate issues the court has already decided.") (citations omitted).

In the R&R, which we adopted as the opinion of this Court, it was explained why Petitioner's § 2241 habeas petition must be dismissed for lack of jurisdiction. No argument that he makes in the instant motion warrants reconsideration of that decision.

---

[2] A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed.R.Civ.Pro. 60(c).

## II.

Accordingly, this **30th** day of **July, 2013**, it is hereby **ORDERED** that Petitioner's "motion for Reconsideration of Writ of Habeas Corpus 2241" [ECF No. 16] is **DENIED**.

```
s/Sean J. McLaughlin
```
 Sean J. McLaughlin
 Chief United States District Court Judge
 Western District of Pennsylvania